UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA,

                                                                                            18-cr-714 (PKC)

       -against-

                                                                                            ORDER

NADEM J. SAYEGH,

                Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.:

        Defendant Nadem Sayegh pled guilty to one count of conspiracy to distribute and possess with intent to distribute oxycodone, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C), and one count of healthcare fraud in violation of 18 U.S.C. § 1347. On November 26, 2019, this Court sentenced Sayegh to 18 months' imprisonment, two years of supervised release, and a fine of $100,000. (Nov. 26, 2019 Sentencing Tr. (Doc 37).) Sayegh, by his counsel, now moves for modification of the terms of his imprisonment pursuant to the First Step Act of 2018, 18 U.S.C. § 3582(c)(1)(A), signed into law on December 21, 2018. (Doc 45.) He argues that, due to the pandemic presently striking the nation and the City of New York, he has an enhanced risk of contracting COVID-19 at FCI Allenwood, where he is currently incarcerated, and were he to contract the disease, his preexisting conditions would make it particularly catastrophic to him.

        For the reasons described at some length in United States v. Woodson, No. 18-cr-845, 2020 WL 1673253 (S.D.N.Y. Apr. 6, 2020), the Court denies Sayegh's motion without prejudice for failure to exhaust administrative remedies. As this Court concluded in Woodson, the First Step Act provides a 30-day window for the Bureau of Prisons ("BOP") to act and, only

if a prisoner has exhausted his BOP administrative remedies or the 30-day period has expired, may a prisoner make application to the Court. Id. at *1. This statutory exhaustion requirement is not open to judge-made exceptions. Id. at *2-*3. As Sayegh's submission concedes, he made a request of the FCI Allenwood warden on March 28, 2020, but the BOP has not yet rendered a decision, nor has the 30-day window for the BOP to act elapsed. (Doc 45, Ex. A.)

Sayegh's motion for sentence modification is DENIED without prejudice. The Clerk is directed to terminate the motion (Doc 45). The Court expresses the hope that the BOP will state its position in a reasoned determination of Sayegh's application. If the BOP anticipates that it will be unable to address the merits of Sayegh's application, it should deny his application now and thereby open his pathway to seek judicial relief. For the agency to make the advance decision to allow the 30-day window to run out, but not to act to deny the application would be irresponsible.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
April 8, 2020

- 2 -